IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REYNALDO REYES | : | CIVIL ACTION |
| *On Behalf of Himself and All Others* | : | |
| *Similarly Situated* | : | No. 10-345 |
| | : | |
| v. | : | |
| | : | |
| ZIONS FIRST NATIONAL BANK, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                **March 9, 2016**

Defendants Zions First National Bank, MP Technologies d/b/a Modern Payments, and NetDeposit, LLC ask this Court to reconsider its Fourth Amended Case Management Order (CMO), in which the Court vacated its Third Amended CMO and declined to reopen the record to allow the parties to depose each other's experts in connection with the class certification proceeding on remand. In the alternative, Defendants ask the Court to certify the Fourth Amended CMO for interlocutory appeal to the Third Circuit Court of Appeals. For the reasons set forth below, Defendants' motion will be denied in its entirety.

On November 10, 2015, this Court adopted Defendants' proposed Third Amended CMO, which allotted time for the parties to conduct expert depositions and to move to strike or limit expert reports and testimony prior Plaintiff's submission of a motion for class certification. Defendants claimed such procedures were necessary in light of *In re Blood Reagents*, a case decided by the Third Circuit while this Court's previous class certification ruling was pending on appeal. *See* 783 F.3d 183, 187 (3d Cir. 2015) ("[A] plaintiff cannot rely on *challenged* expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*." (emphasis added)). On reconsideration, however, the Court vacated

the Third CMO and replaced it with the Fourth CMO, finding *Blood Reagents* does not require

reopening of the record to allow for expert depositions and challenges on remand when, as in this

case, the experts went unchallenged in the original class certification proceedings.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985). Reconsideration is thus warranted only when the party seeking reconsideration shows (1)

an intervening change in the controlling law, (2) the availability of new evidence not previously

available, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A

motion for reconsideration "addresses only factual and legal matters that the Court may have

overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what

[it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of

Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation and internal quotation marks

omitted). "Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F.

Supp. 937, 943 (E.D. Pa. 1995).

Defendants argue reconsideration is warranted because the Court made legal and factual

errors in applying *Blood Reagents* in the context of this case. Defendants further seek

reconsideration based on new evidence gleaned from expert depositions they conducted before

this Court vacated the Third CMO. All of these arguments lack merit.

In terms of legal error, Defendants continue to argue *Blood Reagents* requires the Court

to reopen the record on remand to allow for expert depositions and challenges. This Court

previously considered and rejected this argument, holding *Blood Reagents* does not require a

court on remand to provide parties a second opportunity to challenge expert testimony where they previously elected not to do so. Rather, *Blood Reagents*, directs a district court faced with a challenge to expert testimony at the class certification stage to determine which "reliability attacks, *if any*, challenge those aspects of plaintiffs' expert testimony offered to satisfy Rule 23 and then, *if necessary*, to conduct a *Daubert* inquiry before assessing whether the requirements of Rule 23 have been met." *Id.* at 188 (emphasis added). The Court is not persuaded its interpretation of *Blood Reagents* is clearly erroneous.

Defendants also take issue with the Court's suggestion that they failed to challenge Plaintiff's experts in the original class certification proceedings, arguing they in fact challenged Plaintiff's experts' declarations during the original class certification hearing. At the hearing, Defendants stated "it is not clear . . . if plaintiffs rely on the experts as it relates to the commonality and predominance argument," contended the experts did not have a basis to provide an opinion on individual inquiries relating to customers or merchants, and proceeded to lodge a general objection to the experts "to the extent . . . relied upon to support any argument under commonality and predominance." *See* Class Certification Hr'g Tr. at 84-85, Jan. 18, 2013. Even taking this objection into consideration, however, it does not warrant reopening the record to allow further opportunity to depose the experts.[1] Doing so would extend the holding of *Blood Reagents*, which directs courts to rule on reliability attacks proffered during the original class certification proceedings, but does not require reopening the record to extend to the parties a new opportunity on remand for expert discovery. In any event, the Court has no basis to rethink what it has already thought through, as it already considered the applicability and effect of *In re Blood*

---

[1] Indeed, Defendants' objection at the class certification hearing bolsters this Court's conclusion in the Fourth Amended CMO that Defendants had both the opportunity and incentive during the original class certification proceedings to challenge Plaintiff's class certification experts, but declined to further pursue their objection beyond the general statement cited above.

*Reagents* and whether to reopen the record on remand. *See Wonderland Nurserygoods Co., Ltd. v. Thorley Industries, LLC*, No 12-196, 2014 WL 2608117, at *1 (W.D. Pa. June 11, 2014) ("[A] motion for reconsideration cannot be used to reargue old matters or express disagreement with a prior ruling.").

Although Defendants do not explicitly argue for reconsideration on the basis of newly available evidence, they implicitly argue as much, suggesting reconsideration is warranted in light of information obtained during the January 2016 depositions of Plaintiff's experts, which they contend support a *Daubert* challenge here.[2] As the Court noted in its Fourth Amended CMO, Defendants had both the opportunity and incentive during the original class certification proceedings to challenge Plaintiff's experts and could have sought depositions at that time. The Court, therefore, declines to consider the deposition transcripts, although newly acquired, as previously unavailable evidence. *See Howard Hess Dental Labs. v. Dentsply Int'l., Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) ("'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.").

Defendants' motion for reconsideration merely seeks to relitigate whether the record of case should be reopened on remand for expert depositions and challenges. Rather than providing the Court with a valid basis for reconsideration, Defendants express their disagreement with the Court's Fourth Amended CMO and ask the Court to rethink what it has already thought through. The motion for reconsideration will therefore be denied.

---

[2] Plaintiff took the depositions pursuant to the Third CMO, which set a February 15, 2016, deadline for expert depositions and discovery.

Defendants alternatively ask this Court for leave to file an interlocutory appeal of the Fourth Amended CMO. While appellate courts have jurisdiction over appeals arising from a district court's final order, 28 U.S.C. § 1291, a district court may, in its discretion, certify an interlocutory order for immediate appeal, *id.* § 1292(b); *see also Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp 319, 320 (E.D. Pa. 1994) ("The decision to certify an order for immediate appeal lies within the sounds discretion of the trial court."). The order from which interlocutory appeal is taken must satisfy three criteria: it must (1) involve a controlling question of law; (2) offer grounds for a substantial difference of opinion; and (3) be of a nature that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Zygmuntowicz v. Hosp. Inv., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993). The party seeking certification bears the burden of showing all three factors are met. *Duffy v. Lawyers Title Ins. Co.*, No. 11-4503, 2012 WL 2527027, at *2 n.6 (E.D. Pa. July 2, 2012).

Federal law expresses a strong policy against piecemeal appeals. *Zygmuntowicz*, 828 F. Supp. at 353. The certification procedure is to be "sparingly applied" and "used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).

The Court agrees with Defendants that the Court's Fourth Amended CMO presents controlling questions of law, insofar as the Order declines to reopen the record based on *Blood Reagents*. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (holding a controlling question of law encompasses "every order which, if erroneous, would be reversible error on final appeal" as well as questions "serious to the conduct of the litigation, either practically or legally").

There is not, however, substantial grounds for difference of opinion. The Court is mindful that because *Blood Reagents* was decided by the Third Circuit while this Court's previous class certification ruling was pending on appeal, there is limited guidance on its application. Nevertheless, as the Court has noted, the procedural posture of *Blood Reagents* differs from this case: *Blood Reagents* involved *Daubert* challenges to expert testimony made prior to the decision on class certification, and this case does not. Because of this distinction, the Court does not find substantial grounds for a difference of opinion on whether *Blood Reagents* requires reopening the record on remand for expert discovery.

Furthermore, Defendants have not shown that allowing an immediate appeal would materially advance the termination of this litigation. This third requirement for certification is met if an appeal "could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *See In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 707 (M.D. Pa. 2009). In this case, an immediate appeal, if successful would expand discovery, lead to extensive briefing and hearings on expert testimony, and ultimately delay a decision on class certification. Further, once the Court rules on class certification, the parties may seek interlocutory appeal of the Court's decision, *see* Fed. R. Civ. P. 23(f), and Defendants may at that juncture challenge this Court's decision not to reopen the record. Because certifying the Court's Fourth CMO would not materially advance the termination of this litigation, Defendants request for interlocutory appeal will be denied.

An appropriate Order follows.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.