IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REYNALDO REYES,<br>　　　　　　　Plaintiff,<br>　　v.<br>ZIONS FIRST NATIONAL BANK,<br>NETDEPOSIT, LLC,<br>MP TECHNOLOGIES d/b/a MODERN<br>PAYMENTS, TELEDRAFT, INC.<br>　　　　　　　Defendants. | CIVIL ACTION NO. 10-00345<br><br>NOTICE OF CLASS ACTION AND<br>PROPOSED SETTLEMENT |

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class action lawsuit brought on behalf of consumers who had money withdrawn from their bank accounts between October 2006 and March 2010 by certain telemarketers and/or Internet marketers alleged to be fraudulent, and/or who incurred bank charges because of this conduct. The case alleges that Zions First National Bank, NetDeposit, LLC, MP Technologies d/b/a Modern Payments (collectively, "Zions Defendants") and Teledraft, Inc. provided banking services to these entities with knowledge of their alleged fraud. The Zions Defendants deny any wrongdoing, liability, or knowledge of alleged fraud by the telemarketers and/or Internet marketers. Plaintiff and the Zions Defendants have agreed to settle to avoid the uncertainty, expense, and burden of litigation.

- The settlement applies to the following telephone and Internet marketing entities: Physician Health Services, LLC d/b/a Health Benefits Online; Health Management LLC d/b/a National Healthcare Solutions and National Health Net; Physician Health Systems, Inc. d/b/a Health Benefits Online; Market Power Marketing Solutions; Vexeldale LLC & Sourdale LLC d/b/a Zaazoom, cardsupportsite.com, Get Your Credit Report Now, Payday Loan Resources, www.pdloancs.com, PDcustserv.com, PayDLCS, Identity Theft Protection, www.IDtheCS.com; Idcustserv.com, IDprocs.com; Low Pay, Inc. d/b/a LPC Inc., mylpcard.com; RxSmart d/b/a Calivada Marketing; Group One Networks d/b/a US Gold Line, My Online Credit Store, Ecredit, Credit Line Gold Card, 1st Credit Improve, Fast Financial Coach; and Platinum Benefits Group.

- The Court still needs to decide whether or not to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the benefits will be provided to class members.

**Your legal rights are affected whether you act or do not act. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **Benefits** | The settlement creates a common fund of $37,500,000. This fund will be used to pay class members based on the amounts taken from their accounts, to pay the costs of notice and distribution, to pay plaintiff's attorneys' fees and expenses, and to pay a service award to the individual plaintiff who represented the class. The settlement also provides for an additional fund of up to $250,000.00 to cover claims for consumers debited by Teledraft, Inc. These consumers were debited by Teledraft, Inc. on behalf of companies using the names IDCustServ.com, IDProcs.com, IDthecs.com, PDloancs.com, PDCustserv.com, and PayDLCS.com. If the aggregate value of these claims exceeds $250,000.00, they will be covered by the common fund. |
| **Automatic Disbursement To Bank Account – You May Need to Update Bank Account Information** | Please take notice that settlement funds will be distributed directly to bank accounts based on bank account information dating from the period of October 2006 through March 2010. Class counsel has obtained databases identifying the bank account information of most class members. To the extent this information appears to remain accurate, each class member's portion of the fund will be deposited directly into their account <u>without</u> the need to file a claim. **If your bank account has changed since the period of October 2006 through March 2010, you may update your account information at www._____.com.** For each class member whose account information is no longer valid, checks will be mailed to their last known address if available. |
| **Disbursement by Check Option** | If you would prefer to receive a paper check, you may update your information at www._____.com |
| **Teledraft/Vexeldale** | If you believe your account was debited by IDCustServ.com, IDProcs.com, IDthecs.com, PDloancs.com, PDCustserv.com, or PayDLCS.com during the period of February 15, 2008 through September 1, 2009, you may file a claim at www._____.com. This claim will require you to affirm under penalty of perjury that you believe money was taken from your account by these entities. The claim will be evaluated by the claims administer. |
| **Exclude Yourself by November 1, 2016** | You may exclude yourself from the Settlement in the case and retain your rights to bring a lawsuit against the Zions Defendants for damages caused by the alleged conduct challenged in this case. |
| **Object by November 1, 2016** | You may submit a written statement to the Court about why you object to the Settlement. If you submit an objection, you may also ask to be heard by the Court at the final Fairness Hearing. |
| **Go to Fairness Hearing** | You may attend the fairness hearing on November 21, 2016, whether or not you object or intend to speak. |
| **Do Nothing** | You will receive the full benefits of the Settlement, and will give up your rights to initiate any lawsuit against the Zions Defendants regarding the lawsuit's allegations. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION**……………………………………………………………………..
☐
    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is this a Class Action?
    4. Why is there a Settlement?

**WHO IS IN INCLUDED IN THE SETTLEMENT**……………………………………………………...
☐
    5. How do I know if I am part of the Settlement?

**THE SETTLEMENT – WHAT YOU GET AND GI☐E UP IF YOU ☐UALIFY**………………...……......
☐
    6. What does the Settlement provide?
    7. What do I give up if the Settlement is given final approval?

**EXCLUDING YOURSELF FROM THE DAMAGES RELEASE** …..……………………………………
☐
    8. If I do not exclude myself, can I sue later?
    9. How do I exclude myself from the damages release?
    10. How can I tell the Court that I object to the Settlement?

**THE LAWYERS WHO REPRESENT YOU**……………………………………………………….7
    11. Do I have a lawyer in the case?
    12. How will the lawyers in the case be paid?

**THE COURT'S FAIRNESS HEARING**……………………………………………………………… 7
    13. How will the Court decide whether to approve the Settlement?
    14. When and where will the Court decide whether to approve the Settlement?
    15. Do I need to come to the hearing?

**OTHER INFORMATION**……………………………………………………………………………
☐
    16. How do I get more information?

# BASIC INFORMATION

### 1. Why is this Notice being provided?

Magistrate Judge Timothy Rice of the United States District Court for the Eastern District of Pennsylvania authorized this notice to inform you about a proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Reyes v. Zions First National Bank*, Case No. 10-cv-0345, which was filed in 2010. The people who sued are called "Plaintiffs." The companies sued are collectively called the "Defendants." This Settlement is with a subset of the Defendants: Zions First National Bank, NetDeposit, LLC, and MP Technologies d/b/a Modern Payments. These defendants are referred to as "Zions Defendants."

Defendant Teledraft, Inc. declared bankruptcy while this case was pending. It is insolvent.

This notice summarizes the Settlement, but you can view the complete Settlement Agreement at www._____.com.

### 2. What is this lawsuit about?

Plaintiff alleges that the Zions Defendants violated federal law by initiating unauthorized debits to consumers' bank accounts that were originated by telephone and Internet marketing entities Plaintiff alleges to be fraudulent. The Zions Defendants deny Plaintiff's allegations and deny any wrongdoing.

### 3. Why is this a Class Action?

In a class action, one or more people sue on behalf of other people who have similar claims. If allowed by a court, all of these other people become part of a "class" or "Class Members." One lawsuit resolves the claims of all Class Members, except for any who exclude themselves from the class. In this case, the Court held that the individuals who filed this suit could represent a class for the purposes of effectuating the Settlement.

### 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Zions Defendants. Instead, both sides agreed to settle this case to avoid the burden, cost, and risk of further litigation. The Settlement does not mean that any law was broken or that the Zions Defendants did anything wrong. By settling, Zions Defendants are not admitting any wrongdoing or liability. The Zions Defendants continue to deny all factual and legal claims in this case. The Plaintiff and his lawyers think the Settlement is best for all Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement?

You are a member of the Settlement if you fall within this category of people:

> All individuals in the United States as to whom ACH debit entries or remotely-created check drafts on their accounts were prepared by Defendants on behalf of the merchants identified as "Telemarketing Enterprises" in Plaintiff's Second Amended Complaint during the period of January 26, 2006 through the present, and all individuals who incurred bank charges as a consequence of such ACH debit entries or remotely-created check drafts.

You are receiving this notice because your name and address appears in databases showing that you had funds debited from your account or appear to have incurred insufficient funds (NSF) charges as a result of the violations alleged in the complaint.

# THE SETTLEMENT – WHAT YOU GET AND GIVE UP IF YOU QUALIFY

### 6. What does the Settlement provide?

- The Settlement creates a common fund of $37,500,000. This fund will be used to pay class members based on the amounts taken from their accounts, to pay the costs of notice and distribution, to pay plaintiff's attorneys' fees and expenses, and to pay a service award to the individual plaintiff who represented the class. The settlement also provides for an additional fund of up to $250,000.00 to cover claims for consumers debited by Teledraft, Inc. These consumers were debited by Teledraft, Inc. on behalf of companies using the names IDCustServ.com, IDProcs.com, IDthecs.com, PDloancs.com, PDCustserv.com, and PayDLCS.com. If the aggregate value of these claims exceeds $250,000.00, they will be covered by the common fund.

- The net fund will be distributed based on transactional databases that identify most class members and the amounts debited from their accounts. A claim shall consist of any sums debited on behalf of one of the telemarketers or Internet marketers and/or any "insufficient funds" (NSF) charges incurred by the class member. An NSF charge shall be assumed where a return code in the database indicates an item was returned NSF. A claim amount shall be $25 for each NSF. Thus, by way of example, a person whose account was debited $100 on behalf of a telemarketer and shows three NSF returns will have a claim amount of $175. A class member with just one NSF charge and no debited amount will have a claim amount of $25.

- To the extent class members' bank account information is available, each claim shall be distributed pro rata based on the claim amount directly into each class member's account by ACH without the need to file a claim. **If you believe you**

**are a class member and would prefer to receive a paper check in the amount of your pro rata share of the fund, please go to www._____.com.** Likewise, if you believe you are a class member and have changed banks or bank account numbers since the money was withdrawn from your account (*i.e.*, at any point between October 2006 and March 2010), please go to www. _____.com to update your account information.

- If you believe your account was debited by IDCustServ.com, IDProcs.com, IDthecs.com, PDloancs.com, PDCustserv.com, or PayDLCS.com during the period of February 15, 2008 through September 1, 2009, please visit www._____.com for additional information about how to file a claim.

### 7. What do I give up if the Settlement is given Final Approval?

If the Settlement is given Final Approval, you and all other Class Members will release certain claims defined in the Settlement as "Released Claims." In general terms, Class Members who do not validly request to be excluded from the Settlement will release all Zions Defendants from any claims that have been or could have been asserted based upon the facts alleged in the complaint, including claims for money damages. If the Settlement is given Final Approval, the claims that were asserted against the Zions Defendants in the lawsuit will be dismissed with prejudice.

## EXCLUDING YOURSELF FROM THE DAMAGES RELEASE

If you want to keep any right to seek additional relief from the Zions Defendants for the dispute in this case, then you must take steps to exclude yourself.

### 8. If I do not exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue the Zions Defendants for any claims that this Settlement resolves.

### 9. How do I exclude myself from the damages release?

To exclude yourself, you must either do so by following the instructions at the Settlement website, www._____.com, or by sending a letter by mail clearly stating that you want to be excluded from the Settlement in *Reyes v. Zions First National Bank,* Case No. 10-cv-345. Include your name, address, telephone number, signature, and date, and mail your request for exclusion to:

> *Reyes v. Zions First National Bank*
> c/o Heffler Claims Group
> Po Box 58547
> Philadelphia, PA 19102-8547

All requests must be completed or postmarked by November 1, 2016.

If you do not follow these procedures, you will lose any opportunity to exclude yourself from the Settlement.

### 10. How can I tell the Court that I object to the Settlement?

You can object to the Settlement if you do not like some part or all of it. You must give reasons why you think the Court should not approve the Settlement. You may also object to Plaintiff's Counsel's request for attorneys' fees, reimbursement of expenses, and a service award to the named plaintiff. To object, you must file your objection with the Court no later than November 1, 2016, and mail your objection to these two addresses postmarked no later than November 1, 2016.

| PLAINTIFF'S COUNSEL | COUNSEL FOR ZIONS DEFENDANTS |
|---|---|
| Howard I. Langer<br>John Grogan<br>Peter Leckman<br>LANGER, GROGAN & DIVER, P.C.<br>1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103 | Grant S. Palmer<br>BLANK ROME LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103 |

## THE LAWYERS WHO REPRESENT YOU

### 11. Do I have a lawyer in this case?

The Court appointed Langer Grogan & Diver, P.C. to represent the class. You will not be charged for these lawyers, because their fees will be paid from the settlement fund if the court approves the fees. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 12. How will the lawyers in the case be paid?

Plaintiff's Counsel will ask the Court to award attorneys' fees and reimbursement of the expenses they had in this case. Plaintiff's Counsel's application for attorneys' fees and expenses will be filed with the Court by November 14, 2016, and posted on the Settlement website. Plaintiff's Counsel will request up to one-third of the common fund in fees. They will also seek reimbursement for the litigation expenses they have incurred over this time.

Plaintiff's Counsel will also ask for service awards of up to $25,000 for the named Plaintiff for his service on behalf of the class. The named Plaintiff worked with Plaintiff's Counsel to litigate this case over the last six years, including retaining counsel, producing documents and being deposed by Defendants.

All fees, costs, and service awards are entirely in the discretion of the District Court. Any fees, costs, and service awards that the Court awards will be paid from the Common Fund.

## THE COURT'S FAIRNESS HEARING

**13. How will the Court decide whether to approve the Settlement?**

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Plaintiff's Counsel's request for attorneys' fees and expenses and a service award for the named Plaintiff. If there are objections, the Court will consider them. If you do not file a written objection, you will not be permitted to speak at the Fairness Hearing. If you submitted an objection and stated in your objection that you wish to be heard at the Fairness Hearing, you will be allowed to speak at the hearing. After the Fairness Hearing, the Court will decide whether to approve the Settlement and how much to award for fees, expenses and service awards.

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on November 21, 2016 at 1:30 p.m., at the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. A motion for final approval of the Settlement will be filed by Plaintiff's Counsel by November 14, 2016. The motion will also be posted on the Settlement website, www._____.com.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www._____.com for updated information. Members of the Class who support the Settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement. Members of the Class who object to the Settlement are not required to attend the Fairness Hearing.

**15. Do I need to come to the hearing?**

No. Plaintiff's Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but his or her attendance is not necessary.

## OTHER INFORMATION

**16. How do I get more information?**

This notice summarizes the Settlement. More details are in the Settlement Agreement available at www._____.com. If you still have questions, call the Settlement Administrator at 1-800-_____, contact them via the Settlement website, or write to *Reyes v. Zions First National Bank*; c/o Heffler Claims Group; Po Box 58547; Philadelphia, PA 19102-8547.

**Please do not contact Defendants, their counsel, the Court or the Clerk's office.**