IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REYNALDO REYES,<br>on behalf of himself and all<br>others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>ZIONS FIRST NATIONAL BANK,<br>NETDEPOSIT, LLC,<br>MP TECHNOLOGIES d/b/a MODERN<br>PAYMENTS, and TELEDRAFT, INC.,<br>      Defendants. | CIVIL ACTION NO. 10-00345 |

[PROPOSED] ORDER
PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND
APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

  All parties in this matter have reached a proposed settlement (the "Settlement"), as embodied in the Class Action Settlement Agreement attached hereto ("Agreement"). Plaintiff has moved for an Order conditionally certifying a class, appointing the class representative and class counsel, and preliminarily approving the Settlement. Plaintiff has further requested a Fairness Hearing and approval of a plan for providing notice to the class. The proposed forms of notice are attached hereto. The Court has considered the motion as well as the Agreement and its accompanying documents.

  NOW, THERFORE, this __8__ day of July, 2016, finding good cause, **IT IS HEREBY ORDERED THAT:**

  1.  The motion for Preliminary Approval of the Settlement is GRANTED.

139149.00601/102881099v.1

2.     The capitalized terms used in this Order granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement shall have the same meanings set forth in the Agreement.

3.     The Court preliminarily approves the Settlement. The Court finds that the Settlement is the product of arm's length negotiation by experienced counsel. The Court further finds that the Settlement is fair, reasonable, and adequate, in the best interests of the Class, and within the range of possible approval, subject to consideration at the Fairness Hearing as set forth below.

4.     The Court has considered the requirements of the Federal Rules of Civil Procedure and conditionally finds that the action and proposed class meet the requirements of Rules 23(a) and 23(b)(3).

5.     The court conditionally finds that the class meets all prerequisites for class certification under Rule 23(a). The class consists of more than 500,000 persons; as a RICO case it presents common issues of law and fact; the claims of the plaintiff are typical of the claims of the class and there are no disabling conflicts between Plaintiff and the members of the class he seeks to represent. Plaintiff's counsel has demonstrated their expertise and ability in prosecuting the litigation and appeal.

6.     The court conditionally finds that common issues predominate over any individual issues that may exist under Rule 23(b)(3).

7.     The Court conditionally certifies a settlement class defined as follows:

> All individuals in the United States as to whom ACH debit entries or remotely-created check drafts on their accounts were prepared by Defendants[1] on behalf of the merchants identified as "Telemarketing Enterprises" in Plaintiff's

---

[1] In the Agreement, "Defendants" is defined to include Zions First National Bank, NetDeposit, LLC, MP Technologies d/b/a Modern Payments, and Teledraft, Inc.

> Second Amended Complaint during the period of January 26, 2006 through the present, and all individuals who incurred bank charges as a consequence of such ACH debit entries or remotely-created check drafts.

8. The Court appoints Plaintiff Reynaldo Reyes as representative of the Class, and Langer, Grogan & Diver P.C. as Class Counsel.

9. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all the Parties, including all members of the Class.

10. A Fairness Hearing will be held on November 21, 2016, at 1:30 PM in Courtroom 3-G [handwritten] of this Courthouse before the undersigned to consider the fairness, reasonableness and adequacy of the Settlement. The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publications ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Members of the Class other than that which may be posted at the Court and on the Court's website.

11. The Court finds that the notice attached as Exhibit A to the motion for preliminary approval and the notice plan as set forth in the Notice and Distribution Plan, attached as Exhibit A to the Agreement, satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws and rules; constitutes the best notice that is practicable under the circumstances; is otherwise fair and reasonable; and shall constitute due and sufficient notice to all persons entitled thereto. Accordingly, the notice set forth in the Notice and Distribution Plan is the only notice that is required to be provided.

12. The notice procedures shall begin as soon as practicable and shall be completed within 60 days from the date of this order.

13. The Court approves Heffler Claims Group as the Settlement Administrator ("Administrator").

3

14. The Court approves the exclusion procedure set forth in the Agreement and in the Notice. Any Class member so excluded shall not be bound by the Settlement to the extent described in the Agreement and in the Notice. Exclusions must be prepared and sent to the Administrator as set forth in the Notice Plan and must be properly completed and postmarked no later than November 1, 2016.

15. Absent a Court Order to the contrary, any Class member who does not file a valid and timely request for the exclusion referred to in Paragraph 14 shall be bound by all proceedings, orders and judgments of the Court pertaining to the Class, including the Final Judgment and any order dismissing with prejudice all claims of Class members against the Zions Defendants, and the release of claims as set forth in the Agreement.

16. The Court approves the objection procedure set forth in the Notice and the Agreement. Notices of objection must be properly completed and filed with the Court no later than November 1, 2016. The manner set forth in the Notice Plan in which an objection shall be prepared, filed, and delivered is explained in detail in the Notice and is approved by the Court.

17. Any party wishing to respond in writing to a class member who files an objection shall file a response with the Court no later than November 18, 2016 or, alternatively, may include a response with the motion for final approval.

18. At least 14 days before the Fairness Hearing, Plaintiffs shall file with the Court a motion for final approval of the Settlement and a petition for an award of attorneys' fees, reimbursement of expenses, and an incentive Award for the representative plaintiff, along with a proposed Final Approval Order including the provisions required by the Agreement.

19. All proceedings in the above-captioned action are hereby stayed, except those proceedings required by, or provided for by, the Settlement until such time as the Court renders a

final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses this action with prejudice.

20. If the Settlement is terminated in accordance with the Agreement or does not go into effect because no Final Approval is granted by this Court or for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

21. Nothing in this Order, the Agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted.

22. The Court's order of July 5, 2016 is hereby modified to direct payment of the settlement funds within five days of this Order as provided in the Agreement.

_____
HON. TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE