IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REYNALDO REYES,<br>on behalf of himself and all<br>others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>ZIONS FIRST NATIONAL BANK,<br>NETDEPOSIT, LLC,<br>MP TECHNOLOGIES d/b/a MODERN<br>PAYMENTS, and TELEDRAFT, INC.,<br>                      Defendants. | CIVIL ACTION NO. 10-00345 |

**ORDER AND FINAL JUDGMENT CERTIFYING SETTLEMENT
CLASS; APPROVING CLASS SETTLEMENT; AWARDING COUNSEL FEES
AND COSTS; INCENTIVE AWARDS TO THE CLASS REPRESENTATIVE
AND ENTERING FINAL JUDGMENT**

AND NOW, this 21 day of Nov., 2016, the Court finds that:

1. The capitalized terms used in this Order shall have the same meanings set forth in the Class Action Settlement Agreement.

2. The Class is defined as follows:

> All individuals in the United States as to whom ACH debit entries or remotely-created check drafts on their accounts were prepared by Defendants on behalf of the merchants identified as "Telemarketing Enterprises" in Plaintiff's Second Amended Complaint during the period of January 26, 2006 through the present, and all individuals who incurred bank charges as a consequence of such ACH debit entries or remotely-created check drafts.

139149.00601/102881112v.2

## CERTIFICATION OF SETTLEMENT CLASS

2.  The Class contains approximately 500,000 members and is sufficiently numerous that joinder of all members would be impracticable.

3.  There are issues of law and fact common to the Class.

4.  The claims of the plaintiff are typical of those of the Class.

5.  Plaintiff adequately represents the Class. Class Counsel have a wealth of experience in the successful pursuit and resolution of class actions. The representative plaintiff has no conflicts with members of the Class.

6.  The Settlement Class meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

7.  Common questions of law and fact predominate with respect to the members of the Settlement Class.

8.  A class action is the superior method for resolving the claims of the Class. No other Class member has initiated litigation against Defendants. The size of the claims militates against separate actions. This is the proper forum for the maintenance of this class action. Due to the settlement, there will be no issues of manageability.

9.  The Settlement Class meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## APPROVAL OF SETTLEMENT

10.  The settlement is entitled to a presumption of fairness because: (1) the negotiations were conducted at arm's length; (2) the settlement was reached after the close of fact discovery, which included review of hundreds of thousands of pages of documents produced by Zions and others, the taking of seventeen depositions, and review

of extensive records and documents from the cases brought by the FTC and others against the Telemarketing Enterprises; and (3), as described earlier in this Order, Class Counsel are experienced in this type of litigation.

11. The settlement also satisfies the factors in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

  (a) This case was complex, expensive, and would have required further lengthy litigation.

  (b) The reaction of the Class to the settlement has been positive.

  (c) Fact discovery was completed by the time of settlement. Plaintiffs also had access to documents and depositions from the cases brought by the FTC against the Telemarketing Enterprises. The decision denying the initial motion for class certification had been appealed successfully to the Third Circuit and a renewed motion for class certification, upon remand, was fully briefed. Plaintiffs had retained four experts, all of whom had completed their reports by the time of settlement, and seventeen depositions had been taken. While the FTC and other government actions had shut down several the Telemarketing Enterprises, they had not recovered sufficient funds to warrant any distribution to members of the Class.

  (d) There was material risk in establishing Defendants' liability.

  (e) Although databases existed as to the amounts withdrawn from the accounts of the Class members, Defendants contested whether there could be a class wide presumption of liability and damages both with regard to funds debited from accounts and for charges assessed for NSF entries by each class member's bank.

(g).    In view of the attendant risks of litigation and particularly the prejudice of further delay and its effect on a class consisting of many senior citizens, the settlement is reasonable. Every class member is given the opportunity to recover funds debited from their accounts and a significant portion of NSF charges assessed by their banks. The bulk of those damages are to be distributed in the form of ACH credits to the class members' accounts without need to file a claim form.

(h).    The settlement is fairly allocated pursuant to the plan of distribution.

12.    The proposed settlement is fair, reasonable and adequate.

## AWARD OF COUNSEL FEES AND COSTS

13.    Class counsel has submitted a motion for an award of attorneys' fees in the amount of $12,500,000 and reimbursement of out-of-pocket expenses of $251,553.19.

14.    The requested fee is one-third of the total settlement recovery on behalf of the Class in this case, and is fair and reasonable under the percentage of recovery method and this Circuit's factors for awarding of fees in a common fund case, as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000).

a.    The settlement in this case provides for payment to the members of the Class of a significant portion of the damages incurred by the class.

b.    Class counsel have been recognized as highly skilled lawyers by numerous courts. Class counsel pursued this case against Defendants without the benefit of any government action against any of the Defendants. While actions were brought by the Federal Trade Commission against several of the underlying Telemarketers, none of

those actions had resulted in any recovery sufficient to warrant any distribution to victims.

    c. This was a highly complex case, involving novel theories under RICO and application of complex federal statutes as predicate offenses, and combining issues of fact from numerous prior actions, in none of which were Defendants a party.

    d. Class counsel, a five attorney firm, undertook this case on an entirely contingent basis, and had no co-counsel with whom to share the risks and expenses of litigation which extended over six years.

    f. The risk that no class would be certified was acute when the cases were filed. This risk was made clear when the Court denied plaintiff's motion for class certification. Class counsel thereafter successfully petitioned the United States Court of Appeals for the Third Circuit to grant interlocutory review under Rule 23(f) of the Federal Rules of Civil Procedure, and then successfully briefed and argued the appeal resulting in vacation of the order denying class certification. *Reyes v. Netdeposit*, 802 F.3d 469 (3d Cir. 2015).

    g. There was substantial risk at the time the action was brought that liability could not be established against Defendants, particularly on a RICO conspiracy theory.

  15. Class counsel devoted 9,602 hours to this case.

  16. The fee requested is reasonable under a lodestar cross-check. The lodestar is approximately $5.2 million. Langer Grogan & Diver P.C.'s hourly fees on which the lodestar is calculated, are charged to non-contingent case clients and are well within those

charged by comparably skilled attorneys. The lodestar multiplier (2.4) falls well within the range of multipliers approved judges in this District.

17. The percentage award requested is consistent with that awarded in similar cases of comparable size and complexity.

18. The requested fee is consistent with contingent fee arrangements negotiated in non-class litigation.

19. The fee requested by Class Counsel is fair and reasonable.

20. Class Counsel has incurred expenses in this litigation of $251,553.19. Courts regularly award class counsel reimbursement of their expenses. The expenses incurred have been documented to the Court and are reasonable.

## AWARD OF INCENTIVE FEES TO THE CLASS REPRESENTATIVE

22. Class counsel has submitted a petition for an award of an incentive award to the Class Representative, Reynaldo Reyes, in the amount of $25,000.

23. Mr. Reyes was the only class representative. He brought this matter to the attention of class counsel and sought out and retained expert class counsel to prosecute this action on behalf of the class. In the absence of Mr. Reyes's efforts, it is not likely that any action would have been brought.

24. Mr. Reyes reviewed the complaint before filing, undertook production of documents, appeared for deposition and has monitored the case for the six years in which it has been pending.

25. The Court finds that the $25,000 requested by Mr. Reyes is fair and reasonable and consistent with awards made in other cases.

**IT IS THEREFORE HEREBY ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

    A.    A Settlement Class is certified in these actions pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as:

> All individuals in the United States as to whom ACH debit entries or remotely-created check drafts on their accounts were prepared by Defendants on behalf of the merchants identified as "Telemarketing Enterprises" in Plaintiff's Second Amended Complaint during the period of January 26, 2006 through the present, and all individuals who incurred bank charges as a consequence of such ACH debit entries or remotely-created check drafts.

    B.    The Settlement is approved as fair, reasonable and adequate and shall be consummated in accordance with its terms.

    C.    The Court has reviewed the Plan of Distribution submitted for its approval and hereby approves the Plan of Distribution as the best reasonable and practicable means of allocating and distributing the fund.

    D.    A fee is awarded to Langer Grogan & Diver, P.C. in the amount of $ _12,560,000_.

    E.    The named plaintiff is awarded an incentive award of $ _25,000_ for the efforts he expended in the litigation.

    F.    Langer Grogan & Diver, P.C. is awarded reimbursement of its out-of-pocket expenses in the amount of $ _251,553.19_

    G.    Each of the above sums are to be paid from the Settlement Fund. Huntington Bank is authorized to make payment of each of the above from the fund to Langer Grogan & Diver, P.C. thirty-one days following entry

of this Order upon certification of the Escrow Agent that no appeal of this Judgment and Order has been filed. Upon receiving the funds Langer Grogan & Diver, P.C. shall make distribution to the class representative.

H. Final Judgment is hereby entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, dismissing the Action as to each and every one of the Defendants with prejudice without costs, except as provided in the Settlement Agreement. The Court reserves exclusive jurisdiction over the settlement, the Settlement Agreement, and the award of attorneys' fee.

I. Class Representative, each Class Member who has not opted out of the Settlement (the 3 persons who have opted out are listed on Exhibit A hereto), and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on the allegations in the Second Amended Class Action Complaint filed in the Action, including, without limitation, the alleged processing of ACH debit entries and RCCs by Zions and Teledraft on behalf of the merchants identified as "Telemarketing Enterprises" in Plaintiff's Second Amended Complaint, which arise under any federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder,

Case 2:10-cv-00345-TR   Document 325   Filed 11/21/16   Page 9 of 10

whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representative or any Class Member ever had or now has, which could have been raised in the Action based on the facts alleged in the Second Amended Class Action Complaint (the "Released Claims").

Dated: November 21, 2016

_____
Timothy R. Rice
United States Magistrate Judge

# **Exhibit A to Final Approval Order**

*Reyes v. Zions First National Bank, et al.*
10-cv-00345

| First Name | Last Name | City | State | Zip |
|---|---|---|---|---|
| Norvell | Kindred | DeKalb | IL | 55427 |
| Barbara | Cloud | La Habra | CA | 90631 |
| Bernice | Hernandez | Reading | PA | 19601 |